HIGGINBOTHAM, J.
| gPlaintiff-appellant, Ms. Marsha Willis (Ms. Willis), appeals the trial court’s grant of summary judgment in favor of defendant-appellee, Rental Insurance Services, Inc. (RIS), and dismissal of her claims with prejudice.
FACTS AND PROCEDURAL HISTORY
On August 3, 2011, Ms. Ida Mae Willis entered into a rental agreement with EAN Holdings, LLC d/b/a Enterprise Rent A Car (Enterprise) for the use of a Toyota Corolla. The next day, Ms. Ida Mae Willis’ daughter, Ms. Willis, was driving the vehicle when she was involved in an accident with Mr. Troy Thibodeaux. After the accident, on June 23, 2012, Mr. Thibodeaux filed a petition for damages in the 19th *1065 Judicial District Court against Ms. Willis and RIS (hereafter referred to as the Thi-bodeaux litigation). RIS made Ms. Willis aware through a phone message that it was not providing a defense for her because she was not an authorized driver under the rental agreement. However, RIS negotiated a settlement agreement with Mr. Thibodeaux whereby Mr. Thibodeaux dismissed his claims against all parties, including Ms. Willis, in exchange for payment made by RIS.
Thereafter, Ms. Willis sought discovery responses from RIS and Mr. Thibodeaux, but, because of the agreement settling all the claims of Mr. Thibodeaux, the trial court signed an order suspending discovery. The trial court also awarded sanctions related to an answer filed by Ms. Willis in favor of RIS under La. Code Civ. P. art. 863. Ms. Willis appealed the trial court’s judgments awarding sanctions and suspending discovery. The judgments were affirmed by this court. See Thibodeaux v. Rental Ins. Services, Inc., 2013-1947 (La. App 1st Cir. 4/24/15) 2015 WL 1882456 (unpublished), writ denied, 2015-1213 (La. 9/25/15), 178 So.3d 567.
The litigation forming the basis of this appeal by Ms. Willis began on August 6, 2012, when she filed a Petition for Damages naming Enterprise, Toyota |sMotor Corporation, and Mr. Thibodeaux as defendants. Subsequently, Ms. Willis filed an amended and supplemental petition adding as defendants RIS and Empire Fire and Marine Insurance Company (Empire). In her petition, Ms. Willis set forth several theories of recovery against RIS including state law claims of fraud and breach of contract, and federal law claims under the Fourteenth Amendment as well as civil right violations under 42 U.S.C.A. § 1985 and 42 U.S.CA. § 1983, and equal rights violations under 42 U.S.C.A. § 1981. Ms. Willis contends that RIS, in informing her that she was not an authorized driver more than one year after the accident, and settling the Thibodeaux litigation without her permission, prevented her from being able to prove that the accident was not her fault, and placed her in a position in which it appeared she owed Mr. Thibodeaux money through the settlement agreement.
On April 21, 2015, RIS filed a motion for summary judgment contending that no genuine issues of material fact exist regarding any of the causes of action Ms. Willis set forth in her petition. RIS’ motion for summary judgment was heard by the trial court on June 1, 2015, after which the trial court concluded that Ms. Willis “has no evidence to support any issues of material fact against [RIS] ” and “has shown no basis for recovery against [RIS].” On June 16, 2015, judgment was signed granting RIS’ motion for summary judgment and dismissing Ms. Willis’ claims against RIS with prejudice. It is from this judgment that Ms. Willis appeals raising four assignments of error.
LAW AND ANALYSIS
On appeal, summary judgments are reviewed de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Sunrise Const. and Development Corp. v. Coast Waterworks, Inc., 2000-0303 (La.App. 1 Cir. 6/22/01), 806 So.2d 1, 3, writ denied, 2001-2577 (La. 1/11/02), 807 So.2d 235. Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions, together with |4any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(B)(2).[1] The initial burden of proof is on *1066 the moving party; however, if the moving party will not bear the burden of proof at trial, the moving party’s burden on the motion is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Thereafter, the nonmoving party must produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial; failure to do so shows that there is no genuine issue of material fact and the motion should be granted. La. Code Civ. P. art. 966(C)(2).
In support of its motion for summary judgment, RIS attached several documents including: Empire’s motion for summary judgment,[2] Enterprise’s rental agreement with Ms. Ida Mae Willis showing Ms. Willis was not an authorized driver, and the letter from RIS’ attorney to the Judge in the Thibodeaux litigation stating that Mr. Thibodeaux agreed to dismiss all claims against all parties in exchange for payment made by RIS. The letter was also signed by Mr. Thibodeaux’s attorney. The evidence presented by RIS revealed .that even though Ms. Willis was not an authorized driver under the rental agreement, RIS still settled Mr, Thibodeaux’s claims on behalf of Ms. Willis, and Ms. Willis was not required to make any payments related to the accident. RIS contends that because Ms. Willis did not have a contract with RIS, she had no claim under 42 U.S.C.A. § 1981 or for breach of contract. Additionally, RIS asserts that it is not a state actor nor acting under the color of state law, thus Ms. Willis has no valid claim under the | ^Fourteenth Amendment or 42 U.S.C.A. § 1983, and further, Ms. Willis presented no evidence of conspiracy or an intent to deceive; therefore, she does not have a claim under 42 U.S.C.A. § 1985 or for fraud.
Out of an abundance of caution, we will address all of Ms. Willis’ assignments of error and causes of action raised in her petition and amended petitions.
First, in order to have a cause of action under the Fourteenth Amendment and-claim protection under the due process clause or assert a claim under 42 U.S.C.A. § 1983, Ms. Willis must prove that she has been deprived of a right secured by the United States Constitution by one acting under color of state law. Sanders v. State ex rel. Dept. of Health and Hospitals, 2011-0814 (La.App. 1 Cir. 8/2/12), 2012 WL 3133694, *7 (unpublished). To claim the protections of due process, Ms. Willis must show the existence of some property or liberty interest that has been adversely affected by state action. American International Gaming Assn., Inc. v. Louisiana Riverboat Gaming Comm’n, 2000-2864 (La.App. 1 Cir. 9/11/02), 838 So.2d 5, 16. Clearly, RIS is a private corporation and was in no way acting under the color of state law. Thus, Ms. Willis could not meet her burden of proving her Fourteenth Amendment due process claims or § 1983 claims.
With respect to Section 1981,[3] the United States Supreme Court has ex *1067 plained that the provision was “meant,, by its broad terms, to proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race.” Gratz v. Bollinger, 539 U.S. 244, 276 n.23, 123 S.Ct. 2411, 2430 n.23, 156 L.Ed.2d 257 (2003). Under the well-established framework set out by the Supreme Court, the plaintiff has the initial burden of proving, by a preponderance Rof the evidence, a prima facie case of discrimination. Patterson v. McLean Credit Union, 491 U.S. 164, 186, 109 S.Ct. 2363, 2378, 105 L.Ed.2d 132 (1989) Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-253, 101 S.Ct. 1089, 1093-1094, 67 L.Ed.2d 207 (1981). The plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority, (2) the defendant intended to discriminate on the basis of race, and (3) the discrimination concerned one or more of the activities enumerated in the statute. Riley v. Transamerica Ins. Group Premier Ins. Co., 923 F.Supp. 882, 889 (E.D. La. 1996), aff'd, 117 F.3d 1416 (5th Cir. 1997)(per curiam). Ms. Willis has provided no evidence of purposeful discrimination on the part of RIS. Thus, her § 1981 claims must fall.
In her first and second assignments of error, Ms. Willis contends that the trial court erred in granting summary judgment finding no breach of contract when RIS previously told Ms. Willis that it would indemnify her in the Thibodeaux litigation, but later informed her that it was asserting the unauthorized driver defense. Ms. Willis, as the party claiming the existence of a contract, has the burden of proving that the contract was perfected between herself and her opponent. Key Office Equipment, Inc. v. Zachary Community School Board, 2015-1412 (La.App. 1 Cir. 4/15/16), 195 So.3d 54, 59, writ denied, 2016-0841 (La. 6/17/16), 192 So.3d 772. The only contract introduced in these proceedings was the rental agreement between Ms. Ida Mae Willis and Enterprise. Ms. Willis produced no evidence to prove that a contract was perfected between her and RIS. Additionally, RIS settled Mr. Thibodeaux’s claims against Ms, Willis on her behalf resulting in Mr. Thibodeaux dismissing his claims against Ms. Willis. Thus, we find no merit to Ms. Willis first and second assignments of error.
In her,third assignment of error, Ms. Willis contends that the trial court erred in granting RIS’ motion for summary judgment because RIS conspired to create a situation where a “falsely worded settlement agreement” appeared valid and placed her in a position in which it “seemed that she owed [RIS] the money paid to [Mr.] 17Thibodeaux.” Ms. Willis did not introduce the settlement agreement nor evidence to prove that the settlement was “falsely worded.” Ms. Willis 'was not required to pay any money to RIS or Mr. Thibodeaux to settle the Thibodeaux litigation. Additionally, Ms. Willis produced no evidence to prove RIS conspired with anyone. In Griffin v. Breckenridge, 403 U.S. 88, 102-03, 91 S.Ct. 1790, 1798-99, 29 L.Ed.2d 338 (1971), the Supreme Court interpreted Section 1985(3)[4] to require that *1068 a plaintiff allege: (1) a conspiracy of two or more persons, (2) for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of laws, or of equal privileges and immunities under the laws, and (3) an act in furtherance of the conspiracy, and (4) the person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. In other words, the conspiracy must aim at depriving the equal enjoyment of rights that are secured by law to all. Id. There was simply no evidence of any conspiracy on the part of RIS. Thus, we find no merit to Ms. Willis’ third assignment of error or to her claims under 42 U.S.C.A. § 1985.
In her final assignment of error, Ms. Willis contends that the trial court erred in granting RIS’ motion for summary judgment when RIS through its acts and omissions in the Thibodeaux litigation “induced the trial judge to deny [her] discovery and to sanction her.” The decisions of the trial court in the Thibodeaux litigation regarding the order to suspend discovery and the judgment awarding sanctions were affirmed by this court in a prior appeal. See Thibodeaux, 2015 WL 1882456, at *10. In this matter, Ms. Willis offered no evidence to prove RIS induced the trial court in anyway, and this court has previously determined that there was no error in the trial court judgments regarding discovery and sanctions. Therefore, we find no merit to Ms. Willis’ final assignment of error.
Because Ms. Willis did not produce factual support to establish that she will be able to satisfy her evidentiary burden at trial on any of the numerous causes of action she asserted in her petition and amended petitions, after de novo review of the record, we find no genuine issues of material fact remain and RIS is entitled to judgment as a matter of law.
CONCLUSION
For the foregoing reasons, we affirm the trial court’s grant of summary judgment in favor of defendant-appellee, Rental Insurance Services, Inc. All costs of the appeal are assessed to plaintiff-appellant, Ms. Marsha Willis.
AFFIRMED.

. Louisiana Code of Civil Procedure article 966 was amended and reenacted by Acts *1066 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of article 966 does not apply to any motion for summary'judgment pending adjudication or appeal on the effective date of the Act. There-ifore, we refer to the former version of the article in this case. See Acts 2015, No. 422, § § 2 and 3.

. The trial court also granted a motion for summary judgment in favor of Empire. Ms. Willis filed a separate appeal seeking review of that judgment in Willis v. EAN Holdings d/b/a Enterprise Rent A Car, 2015-1538, (La. App. 1st Cir. 4/12/17), 218 So.3d 177, also handed down this date.

. Section 1981(a) states:
*1067 All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every, kind, and to no other.

. The pertinent provisions of Section 1985(3) state:
If two or more persons in any State ... conspire ,,. on the premises of another, for the purpose of depriving, either directly or *1068 indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.