HIGGINBOTHAM, J.
[ 2Plaintiff-appelIant, Ms. Marsha A. Willis (Ms. Willis), appeals the judgment of the trial court granting defendant-appel-lee’s, Empire Fire and Marine Insurance Company (Empire), motion for summary judgment and dismissing her claims against Empire with prejudice.
FACTS AND PROCEDURAL HISTORY
On August 3, 2011, Ms. Ida Mae Willis entered into a car rental agreement with EAN Holdings, LLC d/b/a Enterprise Rent A Car (Enterprise) for the use of a Toyota Corolla. The next day, Ms. Ida Mae Willis’ daughter, Ms. Willis, was driving the vehicle when she was involved in an automobile accident with Mr. Troy Thibo-deaux. After the accident, on June 23, 2Q1?, Mr. Thibodeaux filed a petition for damages in the 19th Judicial District Court against Rental Insurance Services, Inc. (RIS) and Ms. Willis (hereafter referred to as the Thibodeaux litigation).
Enterprise was the policyholder of a supplemental liability insurance policy issued by Empire. After Mr. Thibodeaux filed suit, his petition was sent to Empire’s claim specialist, Trisha Green, to make a determination as to whether a defense would be provided to Ms. Willis. On September 19, 2012, Ms. Green sent, a letter to Ms. Willis notifying her that Empire was denying coverage for her accident, because she was hot ah additional authorized driver on Ms. Ida Mae Willis’ car rental agreement with Enterprise. Eventually, through the assistance of RIS, Mr. Thibodeaux’s claims against Ms. Willis and RIS were settled. Empire was never made a party to the Thibodeaux litigation.
The litigation forming the basis of this appeal began on August 6, 2012, when Ms. Willis filed a Petition for Damages naming Enterprise, Toyota Motor Corporation, and Mr. Thibodeaux as defendants. Subsequently, Ms. Willis filed an [Ramended and supplemental petition adding as defendants RIS and Empire.[1] In her petition, Ms. Willis set forth several theories of recovery against Empire which appear to be based on Empire’s conclusion that she was not an authorized driver under the car rental agreement, and Empire’s timeliness of informing her of its conclusion. Ms. Willis alleged that RIS and Empire conspired to deprive her of free speech and a fair trial in asserting the unauthorized driver defense more than one year after the automobile accident. Ms. Willis’ theories of recovery against Empire include state law claims of fraud and breach of contract, and federal law claims under the Fourteenth Amendment as well as civil rights violations under 42 U.S.C.A. § 1985, and equal rights violations under 42 U.S.C.A. § 1981.
On April 7, 2015, Empire filed a motion for summary judgment contending that Empire’s decision to deny coverage to Ms. Willis was based solely upon review of the car rental agreement and the-allegations in Mr. Thibodeaux’s petition for damages, and that no genuine issues of material fact exist regarding any of the causes of action Ms. Willis set forth in her petition. Empire’s motion for summary judgment was heard by the trial court on June 1, 2015, after which .the trial court concluded that Ms. Willis “has no evidence to support any *181 issues- of material fact against [Empire]” and “has shown no basis for recovery against [Empire].” On June 16, 2015, judgment was signed granting Empire’s motion for summary judgment and dismissing Ms, Willis’ claims against Empire with prejudice.. It is from this judgment that Ms. Willis appeals.[2] In.response, Empire answered Ms. Willis’ appeal, seeking attorney fees incurred in connection with defending this appeal and | ¿contending that Ms. Willis’ appeal was frivolous and was filed for the sole purpose of harassing Empire.
LAW AND-ANALYSIS
On appeal, summary judgments are reviewed de novo under the same criteria that govern the .trial court’s consideration of whether summary judgment, is appropriate. Sunrise Const. and Development Corp. v. Coast Waterworks, Inc., 2000-0303 (La.App. 1 Cir. 6/22/01), 806 So.2d 1, 3, writ denied, 2001-2577 (La. 1/11/02), 807 So.2d 235. Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law, La. Code Civ. P. art. 966(B)(2).[3] The initial burden of proof is on the moving party; however, if the moving party will not bear the burden of proof at trial,.the moving party’s burden on the motion is satisfied by pointing out to the court that there is;an absence of factual support for one or more elements essential to the adverse party’s claim. Thereafter, the nonmoving party must produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial; failure to do so shows that there is no genuine issue of material fact and- the motion should be granted. La. Code Civ. P. art. 966(C)(2).
In support of its motion for summary judgment, Empire attached an affidavit of Ms. Green wherein Ms. Green attested that she reviewed the car rental agreement between Ms. Ida Mae Willis and Enterprise, as well as the petition for damages filed by Mr. Thibodeaux, and determined that Empire would deny Ms. Willis coverage under the policy because no additional authorized drivers were listed on the car rental agreement. Ms. Green stated that she did not rely on any discussions with Enterprise Uor RIS in making her determination regarding coverage. Empire also attached the car rental agreement between Ms. Ida Mae Willis and Enterprise, which showed no additional authorized driver was covered under the agreement, and the letter sent by Empire to Ms. Willis just three months after Mr. Thibo-deaux filed suit stating that Empire would not provide coverage for the accident.
The evidence presented by Empire in favor of its motion for summary judgment proved that Empire’s decision to not provide a defense for Ms. Willis was based on *182 Ms. Green’s review of Mr. Thibodeaux’s petition and the car rental agreement that did not include her as an authorized driver. The evidence also revealed that Ms. Green promptly made her decision after she was given notice of Mr. Thibodeaux’s lawsuit. In response, Ms. Willis did not present evidence to rebut Empire’s position or produce factual support sufficient to establish that she will be able to meet her burden of proof at trial on the causes of action listed in her petition.
Specifically, in her petition, Ms. Willis alleged state law claims of breach of contract and fraud. The evidence revealed that the only contract at issue was the contract between Ms. Ida Mae Willis and Enterprise. There was no contract between Ms. Willis and Empire nor was there evidence that Empire misrepresented a material fact made with the intent to obtain an unjust advantage over Ms. Willis. See Key Office Equipment, Inc. v. Zachary Community School Board, 2015-1412 (La.App. 1 Cir. 4/15/16), 195 So.3d 54, 59, writ denied, 2016-0841 (La. 6/17/16), 192 So.3d 772 (a party claiming the existence of a contract has the burden of proving that the contract was perfected between himself and his opponent). See also Shelton v. Standard/700 Associates, 2001-0587 (La. 10/16/01), 798 So.2d 60, 64 (listing the three basic elements to an action for fraud against a party to a contract as: (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to a circumstance substantially | ^influencing the victim’s consent to a cause of the contract.) Summary judgment was proper as to Ms. Willis’ state law claims.
Ms. Willis also alleged in her petition that RIS and Empire conspired to deprive her of free speech and a fair trial in asserting the unauthorized driver defense in violation of the Fourteenth Amendment, and 42 U.S.C.A. § 1981 and § 1985. In order to have a cause of action under the Fourteenth Amendment and claim the protections of due process, Ms. Willis must prove that she has been deprived of a right secured by the United States Constitution by one acting under color of state law. Sanders v. State ex rel. Dept. of Health and Hospitals, 2011-0814 (La.App. 1 Cir. 8/2/12), 2012 WL 3133694, *7(unpublished). To claim the protections of due process, Ms. Willis must show the existence of some property or liberty interest that has been adversely affected by state action. American International Gaming Assn., Inc. v. Louisiana Riverboat Gaming Comm’n, 2000-2864 (La. App. 1 Cir. 9/11/02), 838 So.2d 5, 16. Clearly, Empire is a private insurer and was in no way acting under the color of state law. Thus, Ms. Willis could not meet her bux--den of proving her Fourteenth Amendment claims.
With respect to Section 1981,[4] the United States Supreme Court has explained that the provision was “meant, by its broad terms, to proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race.” Gratz v. Bollinger, 539 U.S. 244, 276 n.23, 123 S.Ct. 2411, 2430 n.23, 156 L.Ed.2d 257 *183 (2003). Under the well-established framework set out by the Supreme Court, the plaintiff has the initial burden of proving, by a preponderance of the evidence, a |7prima facie case of discrimination. Patterson v. McLean Credit Union, 491 U.S. 164, 186, 109 S.Ct. 2363, 2378, 105 L.Ed.2d 132 (1989), Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-253, 101 S.Ct. 1089, 1093-1094, 67 L.Ed.2d 207 (1981). The plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority, (2) the defendant intended to discriminate on the basis of race, and (3) the discrimination concerned one or more of the activities enumerated in the statute. Riley v. Transamerica Ins. Group Premier Ins. Co., 923 F.Supp. 882, 889 (E.D. La. 1996), aff'd, 117 F.3d 1416 (5th Cir. 1997)(per curiam). Ms. Willis has provided no evidence of purposeful discrimination on the part of Empire. Thus, her § 1981 claims must fall.
Finally, in Griffin v. Breckenridge, 403 U.S. 88, 102-03, 91 S.Ct. 1790, 1798-99, 29 L.Ed.2d 338 (1971), the Supreme Court interpreted Section 1985(3)[5] to require that a plaintiff allege: (1) a conspiracy of two or more persons, (2) for the purpose of depriving any person or class of persons of the equal protection of laws, or of equal privileges and immunities under the laws, (3) any act in furtherance of the conspiracy, and (4) the person is either injured in her person or property or deprived of any right or privilege of a citizen of the United States. The Griffin Court further elucidated Section 1985(3) by restricting the second element above to mean that “there must be some racial, or ... otherwise class-based, invidiously discriminatory animus behind the conspirators’ action.” Griffin, 91 S.Ct. at 1798. In other words, the conspiracy must aim at depriving the equal enjoyment of rights that are secured by law to all. Id.
After thorough review of the record, we did not find even a scintilla of evidence to support Ms. Willis’ claims under 42 U.S.C.A. § 1981 or § 1985. Again, Ms. Willis did not enter into a contract with Empire. Additionally, the evidence revealed that Ms. Green did not know the race of Ms. Willis at the time she made her determination regarding coverage and had no discussions with Enterprise or RIS before concluding that Empire would not provide coverage.
Because Ms. Willis did not produce factual support to establish that she will be able to satisfy her evidentiary burden at trial on any of the numerous causes of action she asserted in her petition or amended petitions, after de novo review of the record, we find no genuine issues of material fact remain and Empire is entitled to judgment as a matter of law.
*184 EMPIRE’S ANSWER TO THE APPEAL
Empire has answered Ms. Willis’ appeal herein, seeking attorney fees for having to defend the appeal which it asserts is frivolous. Damages for frivolous appeal may be awarded pursuant to La. Code Civ. P. art. 2164; however, because the statute is penal in nature, it must be strictly construed. Dukes v. Sherwood Acres Apartments, 2004-0405 (La.App. 1 Cir. 12/30/04), 898 So.2d 416, 418. Appeals are favored, and penalties for frivolous appeal'will not be imposed unless they are clearly due. Id. Damages for frivolous appeal are only allowed when it is obvious that the appeal was taken solely for delay, or that counsel is not sincere in the view of the law she advocates even though the court is of the opinion that such view is not meritorious. Hampton v. Greenfield, 618 So.2d 859, 862 (La. 1993), citing Parker v. Interstate Life & Acc. Ins. Co., 248 La. 449, 179 So.2d 634, 636-37 (La. 1965). Although we do not find merit to Ms. Willis’ claims, we do find she is sincere in the view of the law she advocates. Therefore, we find that the present 1¡¡matter does not meet the requirements of a frivolous appeal, and we decline to award attorney fees.
CONCLUSION
For the foregoing reasons, we affirm the trial court’s grant of summary judgment in favor of defendant-appellee, Empire Fire and Marine Insurance Company. All costs of the appeal are assessed to plaintiff-appellant, Ms. Marsha Willis.
AFFIRMED.

. Enterprise filed a motion to remove this matter to the United States District Court for the Middle District, but because Enterprise "failed to carry its burden of proving ... that the amount in question exceeds the jurisdictional minimum for diversity jurisdiction” the matter was remanded back to the 19th Judicial District Court.

. In her brief, Ms, Willis asserted four assignments of error. Ms. Willis addressed assignments of error numbers one, three, and four to RIS and not Empire, and discussed the Thibodeaux litigation in which Empire was not a party. The only assignment of error relevant to Empire is related to Empire’s assertion of the unauthorized driver defense. Out of an abundance of caution, however, we have reviewed the causes of action raised in Ms. Willis’ petition.

. Louisiana Code of Civil Procedure article 966' was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act. Therefore, we refer to, the former version of the article in this case. See Acts 2015, No. 422, §§ 2 and 3.

. Section 1981(a) states:
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

. The pertinent provisions of Section 1985(3) state:
If two or more persons in any State ... conspire ... on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.