HIGGINBOTHAM, J.
li>Empire Fire and Marine Insurance Company (Empire) appeals the judgment of the trial court ordering Marsha Willis to pay attorney fees, costs, and sanctions to Empire contending that the award was abusively low. Ms. Willis answered the appeal asserting that the trial court abused its discretion in awarding attorney fees to Empire.
*663 FACTS AND PROCEDURAL HISTORY
As set forth in the related appeal, Willis v. EAN Holdings d/b/a Enterprise Rent A Car, 2015-1538 (La. App. 1st Cir. April 12, 2017), 218 So.3d 177, 2017 WL 1376595, Ms. Willis, an attorney representing herself, filed a petition against Empire asserting several causes of action including state law claims of fraud and breach of contract, and federal law claims under the Fourteenth Amendment, as well as civil rights violations under 42 U.S.C.A. § 1985, and equal rights violations under 42 U.S.C.A. § 1981.
On April 7, 2015, Empire filed a motion for summary judgment contending that no genuine issues of material fact exist regarding any of the causes of action Ms. Willig set forth in her petition. Empire’s motion for summaiy judgment was heard by the trial court on June 1, 2015, after which the trial court concluded that Ms. Willis “has no evidence to support any issues of material fact against [Empire]” and “has shown no basis for recovery against [Empire].” On June 16, 2015, a judgment was signed granting Empire’s motion for summary judgment and dismissing Ms. Willis’ claims against Empire with prejudice. Ms. Willis appealed the trial court’s judgment, and in the related appeal also handed down this day, we affirmed the judgment of the trial court. See Willis, 218 So.3d at 663-64.
After the trial court’s grant of summary judgment in favor of Empire, Empire filed a motion for costs, attorney fees, and sanctions as the “prevailing 1¡¡party” under 42 U.S.C.A. §§ 1981 and 1985 and under La. Code Civ. P. art. 863(D). Empire’s motion was heard by the trial court on September 28, 2015. On October 14, 2015, judgment was signed granting Empire’s motion, awarding Empire $801.01 for the court costs Empire incurred as of the date of its motion, and $175.00 for the court costs Empire incurred in -bringing its motion. Additionally, the judgment awarded attorney fees in the amount of $1,000.00 pursuant to 42 U.S.C.A. § 1988(b) and La. Code Civ. P. art. 863(D). It is from this judgment that Empire appeals contending that the trial court abused its discretion in awarding only $1,000.00 in attorney fees. Ms. Willis answered the appeal asserting that the trial- court abused its discretion in awarding attorney fees to Empire.
LAW AND ANALYSIS
Title 42, § 1988(b) of the United States Code allows the trial court, in its discretion, to award a prevailing party reasonable attorney fees and provides in pertinent part: “In any action or proceeding to enforce a provision of sections 1981 ... [and] 1985 ... of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney’s fee as part of the costs.” In this matter, Empire was the prevailing party in Ms. Willis’ § 1981 and § 1985 claims, and the trial court was within its discretion in awarding Empire attorney fees under § 1988.
Louisiana Code of Civil Procedure article 863 provides in pertinent part:
A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.'
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, informa *664 tion, 14and belief formed after reasonable inquiry, he certifies all of the following:
(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.
C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.
A trial court’s determination regarding the imposition of sanctions is subject to the manifest error or clearly wrong standard of review. Stroscher v. Stroscher, 2001-2769 (La.App. 1 Cir. 2/14/03), 845 So.2d 518, 526.
In awarding the attorney fees, the trial court stated:
Despite common sense, despite the law, despite definitive judgments from four courts, Ms. Willis continues to believe fervently, apparently, and continues to argue that she has rights under these statutes. I don’t see that there is any way she does, I don’t think any reasonable interpretation of these statutes would lead a reasonable person ... to believe that she has a cause of action.
⅜ ⅜ ⅜
[ SI am going to hold you responsible for all costs incurred by this firm and the sum of $1,000.00 of attorney fees together with all costs associated with bringing these motions.
After review of the record, we agree with the trial court’s conclusion that the claims made by Ms. Willis in her certified petition were not warranted by existing law, nor did the assertions in her pleadings have evidentiary support. Thus, we find no manifest error in the trial court’s imposition of a sanction in the form of the attorney fees against Ms. Willis under La. Code Civ. P. art. 863.
Next, we address Empire’s contention that the trial court’s attorney fee award was abusively low. Empire reasons that Ms. Willis’ claims were entirely baseless and the amount of attorney fees should be amended to award the full amount of fees that Empire has paid in defense of Ms. Willis’ frivolous litigation.
The standard of review for an award of attorney fees under both the federal statute and state law is the same: whether the trial court abused its discretion in determining the. attorney fees award. Under § 1988 the trial court’s award of attorney fees is reviewed for an abuse of discretion. See United States v. State of Mississippi, 921 F.2d 604, 609 *665 (5th Cir. 1991). Additionally, once the state trial court finds a violation of La. Code Civ. P. art. 863 and imposes sanctions, the determination of the type and/or the amount of the sanction is reviewed on appeal utilizing the abuse of discretion standard. Stroscher v. Stroscher, 845 So.2d at 526. Article 863 authorizes an award of “reasonable attorney fees”—but not necessarily actual attorney fees. The goal to be served by imposing sanctions is not wholesale fee shifting, but correction of litigation abuse. Dubois v. Brown, 2001-0816 (La. App. 1 Cir. 5/10/02), 818 So.2d 864, 866, writ denied, 2002-1654 (La. 10/14/02), 827 So.2d 421.
Four factors have evolved that must be considered in arriving at an appropriate sanction award under La. Code Civ. P. art. 863. They are: (1) What Iflconduct is being punished or is sought to be deterred by the sanction? (2) What expenses or costs were caused by the violation of the rule? (3) Were the costs or expenses “reasonable” as opposed to self-imposed, mitigatable, or the result of delay in seeking court intervention? (4) Was the sanction the least severe sanction adequate to achieve the purpose of the rule under which [it] was imposed? Carrollton Presbyterian Church v. Presbytery of S. La. of Presbyterian Church (U.S.A.), 2014-1214 (La.App. 1 Cir. 3/9/15), 172 So.3d 1, 8, writ denied, 2015-0682 (La. 5/22/15), 171 So.3d 257.
Applying these factors to the case before us, we find that the trial court’s award of only $1,000.00 in attorney fees was abusively low. A thorough review of the record revealed that Ms. Willis, a licensed attorney, presented a case against Empire with no basis in law or fact, filed numerous unfounded pleadings, and caused unnecessary litigation. As a result, Empire was forced to expend funds in an effort to defend Ms. Willis’ frivolous claims. Therefore, we increase the award of attorney fees to Empire to $4,500.00.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court awarding attorney fees as sanctions, and costs in favor of Empire Fire and Marine Insurance Company, but amend the judgment of the trial court to increase the amount of attorney fees awarded to $4,500.00. -All costs of the appeal are assessed to Marsha Willis..-.
AFFIRMED AS AMENDED.