HIGGINBOTHAM, J.
*322 Plaintiff-appellant, Ms. Marsha Willis, appeals the trial court's grant of summary judgment in favor of defendants-appellees, EAN Holdings, LLC (EAN) and ELCO Administrative Services (ELCO), and dismissal of her claims with prejudice.
FACTS AND PROCEDURAL HISTORY
The facts and procedural history of this case are set forth in the opinions rendered by this court in two prior appeals. See Willis v. EAN Holdings, 2015-1538 (La. App. 1st Cir. 4/12/17), 218 So.3d 177, writ denied, 2017-789 (La. 9/22/17), 226 So.3d 438, and Willis v. EAN Holdings, 2015-1539 (La. App. 1st Cir. 4/12/17), 218 So.3d 1063, writ denied, 2017-0790 (La. 9/22/17), 228 So.3d 744. In sum, Ms. Willis's mother entered into a rental agreement with EAN for the use of a Toyota Corolla. While driving the Corolla the next day, Ms. Willis was involved in an accident with Mr. Troy Thibodeaux, after which Mr. Thibodeaux filed suit. After the accident, Rental Insurance Services, Inc. (RIS), without the permission of Ms. Willis, negotiated a settlement agreement with Mr. Thibodeaux whereby Mr. Thibodeaux dismissed his claims against all parties, including Ms. Willis, in exchange for payment made by RIS. (Thibodeaux litigation). Thereafter, Ms. Willis sought discovery responses from RIS and Mr. Thibodeaux; but, because of the agreement settling all the claims of Mr. Thibodeaux, the trial court signed an order suspending discovery. The trial court also awarded sanctions in favor of RIS related to an answer filed by Ms. Willis under La. Code Civ. P. art. 863. Ms. Willis appealed the trial court's judgments awarding sanctions and suspending discovery. The judgments were affirmed by this court. See Thibodeaux v. Rental Ins. Services, Inc., 2013-1947 (La. App. 1st Cir. 4/24/15), 2015 WL 1882456 (unpublished), writ denied, 2015-1213 (La. 9/25/15), 178 So.3d 567.
The litigation forming the basis of this appeal by Ms. Willis began on August 6, 2012, when Ms. Willis, an attorney representing herself, filed a Petition for Damages naming EAN, ELCO, Toyota Motor Corporation, and Mr. Thibodeaux as defendants. Ms. Willis then filed an amended petition adding RIS and Empire Fire and Marine Insurance Company (Empire) as defendants. In her original petition, she contended that EAN failed to properly maintain or repair the Corolla, specifically the brakes, thereby causing the accident.
After Ms. Willis filed the original petition and first supplemental and amending petition, RIS and Empire filed exceptions of vagueness. Thereafter, Ms. Willis again amended her petition on November 26, 2014, and set forth eleven different causes of action against the defendants. Ms. Willis's complaints primarily arise out of her contention that RIS settled the Thibodeaux litigation without her permission, prevented her from being able to prove that the accident was not her fault, and placed her in a position in which she could potentially have to pay the debt RIS paid to Mr. Thibodaux. Ms. Willis's causes of action were mainly asserted against RIS and Empire and included state law claims of fraud and breach of contract, and federal law claims under the Fourteenth *323 Amendment, as well as civil rights violations under 42 U.S.C.A. § 1985 and 42 U.S.C. A. § 983, and equal rights violations under 42 U.S.C.A. § 1981. The only cause of action against EAN and ELCO were as follows:
9. ELCO committed acts of fraud, tortious conduct and failure to negotiate in good faith in violation of Louisiana tort law, Louisiana contract law, and laws governing insurers and brokers in threatening me with economic retaliation for explaining and reporting the brake failure of the rental vehicle; and when it failed to properly inspect the [rental] following the accident.
10. [EAN] is liable in solido in regards to the foregoing acts and omissions of its agents and insurers, RIS, ELCO, and Empire. Further, [EAN] is liable for failing to properly maintain and/or repair the rental vehicle, specifically in that the brakes of the vehicle failed and thereby caused the accident, and also in regards to the airbag that was apparently defective.
Subsequently, RIS and Empire filed motions for summary judgment that were granted by the trial court, finding that no genuine issues of material fact existed regarding any of the causes of action that Ms. Willis had set forth in her petition. This court affirmed the trial court's grant of summary judgment also finding no evidence in the record to support any causes of action raised by Ms. Willis. While this court declined to award attorney fees for frivolous appeal, one judge disagreed with that portion of the decision and would have awarded damages for frivolous appeal. Additionally, this court in a related appeal found that the trial court's award of attorney fees in favor of Empire as the prevailing party under 42 U.S.C.A. §§ 1981 and 1985 and under La. Code Civ. P. art. 863(D) was abusively low. In finding the award was abusively low, this court pointed out that "[a] thorough review of the record revealed that Ms. Willis, a licensed attorney, presented a case against Empire with no basis in law or fact, filed numerous unfounded pleadings, and caused unnecessary litigation. As a result, Empire was forced to expend funds in an effort to defend Ms. Willis['s] frivolous claims." Willis v. EAN Holdings, 2016-0473 (La. App. 1st Cir. 4/12/17), 218 So.3d 661, 665, writ denied, 2017-0791 (La. 9/22/17), 228 So.3d 740.
Ms. Willis filed writs with the supreme court, which were denied on September 22, 2017. Justice Crichton concurred and added reasons pointing out that he found it troubling that Ms. Willis failed to present even a scintilla of evidence to support her allegations. See Willis v. EAN Holdings, 2015-1538 (La. App. 1st Cir. 4/12/17), 218 So.3d 177, writ denied, 2017-789 (La. 9/22/17), 226 So.3d 438.
Thereafter, on October 10, 2017, the remaining defendants, EAN and ELCO, filed a motion for summary judgment contending that there are no genuine issues of material fact in dispute. Specifically, EAN and ELCO contended that they were entitled to dismissal of all claims regarding Ms. Willis's allegation that they may be liable in solido with regard to any acts and omissions of Empire or RIS. They also maintained that Ms. Willis has produced no evidence that EAN failed to properly maintain or repair the Corolla or that ELCO committed acts of fraud or failed to negotiate in good faith. The trial court granted EAN and ELCO's motion for summary judgment and in so ruling stated: "The first circuit has ruled. The supreme court has ruled. Justice Crichton has indicated how he felt about the way you've handled things. I have told you over and over again ... that you cannot come in here with these ridiculous arguments *324 and with no evidence and expect this court to give you any relief." A judgment was signed on January 12, 2018, in conformity with the trial court's oral reasons. It is from this judgment that Ms. Willis appeals.[1]
LAW AND ANALYSIS
When reviewing summary judgments, appellate courts conduct a de novo review of the evidence, using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Boudreaux v. Vankerkhove, 2007-2555 (La. App. 1st Cir. 8/11/08), 993 So.2d 725, 729-30. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966(A)(2).
The burden of proof is on the mover. La. Code Civ. P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion, the mover's burden does not require that all essential elements of the adverse party's claim, action, or defense be negated. Rather, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1).
In favor of their motion for summary judgment, EAN and ELCO presented an affidavit of James Richey, a senior liability claims adjuster for ELCO, who was assigned to handle the liability claims of Ms. Willis. In his affidavit, Mr. Richey outlined his numerous attempts to contact Ms. Willis in order for her to attend the inspection of the Corolla or to otherwise obtain an independent investigation. According to Mr. Richey, the vehicle inspection eventually went forward on October 7, 2011, without Ms. Willis, although Ms. Willis was aware of the date. Additionally, Ms. Willis was given an extra seven days to conduct an inspection. DK & Associates, L.L.C., conducted the inspection of the Corolla and determined "that the brake pad had very little wear and the fluid level [was] good" and that the "brakes [were] in good shape."
While EAN and ELCO correctly point out that Ms. Willis did not come forward with evidence of how EAN failed to properly maintain and/or repair the rental vehicle, Ms. Willis does not even raise that finding as an assignment of error. Instead, her brief is wholly repetitive of the issues raised in her prior appeal as to parties that have already been dismissed. In fact, in three of her assignments of error Ms. Willis *325 is again addressing actions of RIS and Empire, and in one she is addressing sanctions that were awarded and affirmed in the Thibodeaux litigation. In her reply brief, Ms. Willis acknowledged that this lawsuit was not about "fault or issues of cause in fact of the August 4, 2011, accident, but what the Defendant[s]-Appellees did in response to the accident." Ms. Willis is primarily attempting to hold EAN and ELCO responsible for the actions of RIS, a party that was already dismissed with prejudice.
After thorough review of the assignments of error raised by Ms. Willis, it is blatantly clear she is attempting to re-urge issues that were previously fully decided by this court. The record is again devoid of any evidence to prove the causes of action asserted by Ms. Willis against EAN and ELCO. Therefore, the trial court judgment granting EAN and ELCO's motion for summary judgment is affirmed.
EAN'S ANSWER TO THE APPEAL
EAN and ELCO answered Ms. Willis's appeal herein seeking costs and attorney fees for having to defend the appeal, which they assert is frivolous. Although an award for frivolous appeal is penal in nature and must be strictly construed, we find this case is ripe for the award of damages for frivolous appeal. See State Farm Mutual Automobile Ins. Co. v. Callahan, 571 So.2d 852 (La. App. 3d Cir. 1990), writ denied, 576 So.2d 51 (La. 1991) ; La. Code Civ. P. art. 2164. An award for damages for frivolous appeal is warranted "when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant's counsel does not seriously believe in the position he advocates." Id. at 854.
Although we declined to award damages in the prior appeal, at this point, we simply cannot find that Ms. Willis is sincere in the view of the law she advocates as she is making the same arguments that have already been rejected by the district court, this court, and the supreme court. Additionally, Ms. Willis has been advised repeatedly at all levels of this case that there is no merit to her claims. Therefore, we award damages for frivolous appeal in favor of EAN and ELCO in the amount of $1,500.00.
CONCLUSION
The judgment of the trial court granting summary judgment in favor of EAN and ELCO is affirmed. Further, judgment is hereby rendered in favor of defendant-appellees EAN and ELCO, and against plaintiff-appellant, Marsha Willis, in the amount of $1,500.00 as damages for her frivolous appeal. Further, all costs of this appeal are assessed against plaintiff-appellant, Ms. Marsha Willis.
AFFIRMED AND RENDERED.

EAN and ELCO also filed a motion to remand the matter to the trial court to traverse the pauper status of Ms. Willis. On August 28, 2018, this court granted the motion and remanded the matter to the trial court for the limited purposes of allowing EAN and ELCO the opportunity to traverse Ms. Willis's pauper status. After considering this court's remand order, the memoranda and exhibits filed by the parties, and arguments from counsel, the trial court denied EAN and ELCO's motion to traverse Ms. Willis's pauper status and allowed Ms. Willis to continue to prosecute or defend the litigation in accordance with La. Code Civ. P. art. 5181, without paying costs in advance or as they accrue or furnishing security.